PEOPLE v JONES

CRIMINAL LAW—PLEA OF GUILTY—ADVICE TO DEFENDANT—COURT RULES.

A trial judge is required by court rule to personally advise a defendant of his rights when accepting a plea of guilty or nolo contendere, and failure to do so is reversible error (GCR 1963, 785.7[1]).

Appeal from Recorder's Court of Detroit, Clarence Laster, Jr., J. Submitted Division 1 January 13, 1975, at Detroit. (Docket No. 20769.) Decided January 31, 1975.

Mickey Jones was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

PER CURIAM. Defendant pled guilty to a charge

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 486–491, 505.
Court's duty to advise or admonish accused as to consequences of guilty plea, or to determine that he is advised thereof. 97 ALR2d 549.

of assault with intent to rob being armed. MCLA 750.89; MSA 28.284.

During the plea the following colloquy took place:

> "*The Court:* I have in my possession a document entitled 'Guilty Plea' which gives you your constitutional rights and, also, informs you of the maximum the court can impose upon you, have you read this and have you discussed it with your attorney?
> "*Defendant:* Yes, I have.
> "*The Court:* Do you understand it?
> "*Defendant:* Yes.
> "*The Court:* Is that your signature?
> "*Defendant:* Yes."

GCR 1963, 785.7(1) provides that:

> "(1) Advice by the Court. The court shall not accept a plea of guilty or nolo contendere without first personally addressing the defendant and informing him of and determining that he understands the following:"

The rule is clear. It requires the trial judge to personally advise the defendant of his rights. The trial judge failed to comply with the mandates of the court rule.

Reversed and remanded for a new trial.